IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02145-BNB

DARNEAU VERSILL PEPPER,

    Applicant,

v.

LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DISMISSING CASE

---

Applicant, Darneau Versill Pepper initiated this action *pro se* by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On October 3, 2013, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Response on November 20, 2013; argued that Claims One, Three, and Four are not exhausted; and urged that the Application is subject to dismissal without prejudice because it is a mixed petition . Subsequently, on December 4, 2013, Applicant filed a Motion to Voluntarily Dismiss his Habeas Corpus Application Without Prejudice, ECF No. 15. Applicant conceded the Application is a mixed petition and that Colo. R. Crim. P. 35(c) provides an avenue for him to exhaust his federal habeas claims in state court.

The Court must construe the Motion liberally because Applicant is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer on the merits or motion for summary judgment has been filed by Respondents in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  See J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of December 4, 2013, the date the Notice was filed with the Court.  See *Hyde Constr. Co.*, 388 F.2d at 507.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Voluntarily Dismiss, ECF No. 15, is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of December 4, 2013, the date Applicant filed the Notice in this action.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 12th day of December, 2013.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court